Our final case for today is McGhee v. Watson Thank you, Your Honors. May it please the Court, I'm Michael Downey, counsel for Petitioner Appellant Volney McGhee. Your Honors, this is the rare habeas case in which everyone agrees that the trial counsel committed a reversible error. No one disputes that the trial court failed to pull the jury at the conclusion of the trial, which under this court's law, much like Illinois', is a per se error requiring reversal. Well, and after being asked to, which I take it appears in the transcript of the trial. That's correct. It's not like trial counsel said, I whispered it or something, said enough to get the court reporter to write it down. That is correct. If you look at page, the excerpt of the trial. He didn't say he'd do it, he just didn't do it. That's correct. You can see it on the trial transcript. It's page 103 of the separate appendix. The judge addresses defense counsel by name as Joan Hill McClain. She says, I'd like them to pull the judge. The judge replies, all right, and then proceeds to thank the jurors and just dismiss them for their service. So under controlling law, this court has described this kind of error as a per se error requiring reversal. And put another way, if my client's prior attorneys had raised this issue, either in the trial court by preserving it or on direct appeal, we wouldn't be here right now. But they didn't. And instead, McGee's trial and appellate counsel were ineffective, which now on federal habeas review, entitles Mr. McGee to reversal of his conviction. Now, respondent, in light of this undisputed reversible error and clear ineffective assistance, not surprisingly focuses on forfeiture and procedural default. So unless your honors have any more immediate questions, that's where I'd like to dive in. I think that would be helpful. So respondent, it might be helpful to recite the three permutations of ineffective assistance briefly. My client's trial counsel was ineffective when she didn't object to the trial court's failure to pull the jury. Appellate counsel was ineffective for not challenging trial counsel's ineffectiveness in that regard. And appellate counsel was also ineffective for not directly challenging the trial court's error. The respondent says that the first two of those claims are procedurally defaulted. Are we agreeing that these are actually three claims that are distinguishable enough that they should be treated as separate arguments? I think it would be arguable that they are essentially one claim. One has a sense of angels dancing on the head of a pin looking at these. I agree entirely, Your Honor, especially given that this was in the district court. He was operating pro se and trying to articulate this hyper-technical distinction between those claims. I think it's understandable that what he was asserting was the jury polling error and that none of his counsel ever raised the error in a timely fashion. So he has the error and he's trying to say that shouldn't have happened and I'm entitled to have it fixed. That's correct. So respondent contends that this was procedurally defaulted or specifically two of these claims were defaulted. In the state courts? In the state courts. Those involving allegations that trial counsel was ineffective for failing to preserve this issue.  And those weren't pro se filings. Those were counseled filings. That's correct, Your Honor. But respondent concedes that McGee did raise those claims in the Illinois post-conviction proceedings, both in his initial petition and then again to the Illinois Supreme Court in his petition for leave to appeal. So the procedural default hangs entirely on whether the state appellate court was fairly presented with the facts of these claims. That trial counsel requested the poll, the court failed to poll, and that McGee's trial and appellate counsel were ineffective. Now to see that this claim, whether it's described as one or three, was fairly presented to the state appellate court, you need look no further than the state appellate court decision itself. In footnote two of that opinion, which you'll find on page 269 of the separate appendix, the state court explicitly recognizes that trial counsel failed to preserve this issue and that that prejudiced Mr. McGee because it changed the, essentially the analysis on the direct appeal. Now, although the state court mistakenly believed that Mr. McGee was not directly challenging trial counsel's ineffectiveness, that is not dispositive to the issue of fair presentment. As the Supreme Court held in Dye v. Hoffbauer, fair presentment doesn't turn on a state court's characterizations of the petitioner's claims. Instead, as this court made clear in Malone, the key inquiry is whether the state court's opinion shows that it recognized the facts and law underlying the claims and demonstrating that it could have addressed those claims on a federal basis. Here, with this footnote, the state court is acknowledging that it was aware of all of the elements of McGee's claim. There was a request for a poll. The trial court didn't poll, and trial counsel and appellate counsel both failed to raise that issue. No, this is a procedural ruling, not a substantive ruling. I'm sorry. I don't follow, Your Honor. The footnote is making a procedural point. In other words, that this claim has been defaulted. The footnote is not making a substantive point. That's correct. It didn't address the substance of the issue. And the rule that you're referring to is a question about whether we owe AEDPA deference even when the state court decision is silent on the constitutional claim after having been presented. That's sort of a substantive issue of AEDPA law. I think I follow what you're saying. You're correct that AEDPA deference isn't owed on this claim because the court did not address it on the merits. So my only point is that the footnote shows that the state court was aware of that claim and could have addressed it if it wanted to, which is one way to prove fair presentment. But there's another way to prove fair— No, the state court is specifically saying this claim was not presented. I believe that the court was mistaken. And the way that we can—two points. First, I believe the state court was mistaken about that, which I'll get to in a moment when I go over Mr. McGee's post-conviction filings. But as a second matter, this issue on fair presentment is whether the state court was aware of the nature of the claims and could have ruled on them. The issue of whether the state court chose to consider the claim fairly raised is entirely separate. Here, we're just interested in what the state court knew, what they were presented with. I think if the state court considers it procedurally defaulted, we're bound by that. Your Honor, I believe that's a different species of procedural default. Here, the government's argument is that the claim was not fairly presented, not that the state court somehow made a procedural finding. But if I can talk briefly about Mr. McGee's post-conviction papers, I think you can also see why this claim was fairly presented. Respondent concedes that McGee fairly presented all of these claims in his post-conviction petition. In the last—or second-to-last section of that petition, which you'll see on page 150— That's not at issue. We're talking about the appellate filing. You're right. Well, what I'm getting to, Your Honor, is that the post-conviction appellate brief closely follows the structure and content of the original post-conviction petition. And so, if you compare the second-to-last section of the post-conviction petition on page 154 of our separate appendix with the one at issue— Does it state a Strickland claim based on trial counsel's performance? Yes, in the post-conviction petition. In the appellate filing? In the appellate filing, it asserts that trial counsel was also ineffective and that appellate accounts for errors that are dehors the record. Can I ask you to just jump ahead, since I see you're running out of time? Yes, thank you, Your Honor. We have here a situation where this jury poll doesn't happen. Everybody understands that as a matter of state law, that was a mistake. But is this the kind of error that could be disregarded? I mean, the state courts tell us that this is not a structural error. This is the kind of thing that could be harmless. They don't see any signs of dissension in the jury. We've had some recent cases. I'm thinking of one that was actually in the sexually violent offender area, the Smego against Payne decision from a few months ago in which we— that was a situation where there's some law student counsel. But whether the failure to get a jury poll is the kind of thing that causes to reverse against the backdrop of the evidence is the question I'd like you to address. I believe the law is clear on that in Illinois, that it has nothing to do with the strength of the evidence of the trial and that there does not need to be any evidence that the jury's verdict was not unanimous. That's been held in a number of cases, people v. Wheat, people v. DiStefano. But we're stuck with the fact that the Illinois courts have, for some reason, thought that this isn't a problem here. And so do we, as a matter of federal constitutional law, have to say, well, they were wrong? I mean, we can't really do that, can we? First, Your Honor, the Illinois Supreme Court has never ruled on this kind of issue. And at issue here is whether raising this issue would have created a reasonable probability that the outcome would have been different. I.e. a new trial, you're saying. That's right. And there are a number of Illinois cases that grant a new trial under very similar circumstances, some even when the error was not preserved. For example, in people v. DiStefano, the court specifically acknowledged trial counsel didn't preserve the error, but then it decided to use its discretion and overlooked that and remanded for a new trial. Okay. Thank you. There's nothing further. All right. Ms. Bendick. May it please the court, counsel. My name is Leah Bendick from the Illinois Attorney General's Office on behalf of Respondent Worden. Petitioner's arguments to avoid both forfeiture and default essentially boil down to the same argument. He is pointing to two characteristics of both his habeas petition and his post-conviction appellate court brief. He's saying, number one, the failure to conduct the jury poll was mentioned, and number two, somewhere else there is a general statement of either Strickland or of ineffective assistance of counsel. But these two characteristics alone, to regard them as fair presentment of every permutation of ineffective assistance of trial and appellate counsel, would extend fair presentment beyond where it should be moored because, after all, as this court is well aware, many, many state criminal appeals and many, many habeas petitions contain some sort of allegation of ineffective assistance of trial counsel. But, you know, the problem with this, I mean, it's what gives habeas a bad name, really. You know, you've got these three. To me, they're just facets of the same gem, basically. You've got the trial counsel failing to follow up in any way on the request for the jury poll once the trial court makes the mistake and fails to poll the jury. You have the appellate counsel failing to say that the trial court made a mistake when it did that, which appellate counsel certainly could have done. And you have the appellate counsel who doesn't say that trial counsel was ineffective for failing to follow up. Now, these are all the same issues. These are all facets of the same issue. He is sometimes counseled, sometimes not. He's trying to raise this issue to the courts. And all we do is play this game of saying, which way are we going to cause you to fail this time? We're going to cause you to fail because you didn't quite bring this out at the Illinois Appellate Court. Everybody knew what the issue here was. It was the failing to poll the jury. Well, two points in response to that, Your Honor. The first point is that actually this is a type of error that well demonstrates the importance of how these different permutations can come to different results because, as has been noted, if preserved, this is a reversible error. But if not preserved, it is not plain error. So trial counsel's failure does change the analysis here. And so having that layer drastically changes the analysis. The second point I want to make. But trial counsel didn't make a mistake by failing to ask for the jury to be polled. And by the time the judge has excused the jury, it's too late. Trial counsel's, you know. So I don't know. I mean, I really think this is all about what are the consequences of the trial court's failure to poll the jury. And you wind up, you know, with these different phrasings, which you can trace your way through both in the post-conviction proceedings in the Illinois courts and in the present proceeding. And, you know, you have this expressed in as many ways as language will do it practically. The most important point here when looking both at the habeas petition and the post-conviction appellate court brief is that when the jury polling error is mentioned, it is explicitly mentioned within what is a clear and unambiguous statement of one permutation of ineffective assistance of counsel. And the post-conviction appellate court brief, as Judge Sykes pointed out, was filed by counsel. So when a post-conviction appellate court brief says, appellate counsel was ineffective for failing to raise the trial court's error, it is entirely appropriate for the state court to only address that permutation of ineffective assistance of counsel. And more so in light of the fact. And you don't think it's blindingly obvious that when you say appellate counsel was ineffective by failing to point out the trial court's error, that actually all of the rest of this is encompassed. They're just different ways of looking at the same problem. Well, actually, this is one of the clearest defaults that could be imagined here because not only do we have the state appellate court on post-conviction review saying in footnote 2, there was never an allegation of trial counsel's ineffectiveness. But at page 44. But that, of course, was wrong because the record before the Illinois appellate court showed that there definitely had been such an allegation. But only at the trial court. And under Illinois law, the four corners of the appellate court brief did not contain that allegation. And we know that because at page 44 of the separate appendix, post-conviction appellate counsel in an affidavit acknowledged that she did not allege ineffective assistance of trial counsel. We normally don't have both the attorney herself and the state court clarifying when an allegation has not been made. It is important that this court continue to enforce forfeiture and procedural default for habeas purposes because certainly, again, as I was beginning to say, there are many, many, many cases with ineffective assistance of trial counsel allegations. So to endorse petitioner's broad argument that citing Strickland and having some sort of error somewhere means that all three permutations are preserved. That's what they've done. They've cited Strickland and they've said appellate counsel was ineffective for failing to challenge the refusal to poll. There's one error that's been right in the center of these arguments all along. It's not just some vague, you know, I'm going to find something along the way that will show ineffectiveness. Well, this is an error, but it's not even an error of constitutional dimension, and that's why it is embedded within an ineffective assistance of counsel claim. And it was not preserved. And so it is important for this court to clarify that it's fair precedent that says there must be the factual basis and the legal principles in the context of ineffective assistance of counsel. It is the particular permutation of ineffectiveness must be presented because that does, as the state court acknowledged at footnote 2, often change the analysis. Is it preserved? Is it not? Is it plain error? Is it not? That changes, and as petitioner himself is emphasizing in the context of analyzing the merits of claim 2, sometimes an ineffective assistance of appellate counsel claim involves comparing what issues were raised versus what issues are not. That is very different than looking at what did trial counsel preserve. Because these are different analyses, this court should, in order to not burden the federal district habeas courts into having to address the merits of every permutation of ineffective assistance of counsel any time there is an allegation and a citation is strickland. That would regard a huge burden on the district courts, as well as the fact that often, like in this case, the state appellate court has only addressed the very one permutation that is clearly contained in the state court brief. So that would mean the district court would be reaching these other permutations on de novo review. Okay, so, and we would have the problem that they might decide on the merits, right? We wouldn't want them to do that. Well, not where there is clear application of default and forfeiture. That is present in this case because if this court certainly in the separate appendix can read these two documents, the habeas petition and the appellate court brief, they're remarkable, including the pro se filing, and how they clearly are describing only one permutation of ineffective assistance of counsel. So this court should not open the floodgates and regard the district court will have to engage in merits analysis of any type of permutation of ineffective assistance of counsel on the very broad... Although the state obviously takes the position that if we were to reach the merits of this, that you have your arguments that there was no problem. Well, that's true as well. Yeah, I mean, so you aren't on a strickland, but you're prepared to argue no prejudice. It's like the state, every state brief argues procedural default, forfeiture, waiver, you name it. And so you just get the sense that the state is unwilling to stand up for the process that's going on. Well, no, certainly, Your Honor. I mean, if there's a default and a forfeiture, the state will bring it to this court's attention. But the brief did go on, my brief, and talk about how he did not cross 2254D's real litigation bar and even did address the merits of all three claims. And as you point out, he cannot establish both strickland prongs regarding any of the three claims. So if this court does get to that point, we stand by our position that he's not entitled to relief. But that is not to say that we are going to forego where there are clear forfeitures and defaults. I'm just saying I don't like it, but I certainly don't expect you to do that. Sure. And, of course, it's also important that this court continue to affirm that Malone v. Walls is a very narrow exception to the notion that the permutation of ineffectiveness is what must be presented. That is a very unique circumstance where, in the state court brief in that case, it was clear because of five pages of analysis of the nested claim that he was signaling to the state courts that this is the true claim I'm raising. That is not at all what we have here. He is just attempting to multiply times three the burdens on both the state court and the district court just because he both cited Strickland and mentioned the jury polling error. And this court should be very hesitant to endorse such a very broad understanding of fair presentment because it would have a drastic effect on both the district courts and potentially the load on the state courts as well. And if there are no further questions, we would ask that the district court judgment be affirmed. Thank you. Thank you. I think you had a little bit of time left, Mr. Downey. All right. Unless you have questions, I only have one brief comment. To address what Respondent just said about floodgates, that is not an issue in this case. This is not a boilerplate recitation of Strickland at the beginning of the brief and then the various errors brought up throughout. In every brief that Petitioner McGee filed pro se or through counsel, there was a separate section dedicated to ineffective assistance of counsel for failure to poll and preserve the jury polling issue. And I see that I'm out of time, but if you look at the citations to the record, you'll see that. So if there's nothing further, thank you very much. All right. Thank you very much, and thank you particularly for accepting this appointment. We appreciate it. Appreciate your fine work for your client. Thank you as well to the state.